IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RUSSELL GAITHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CV 121-076 |
| WARDEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 7), and this action be **DISMISSED** without prejudice.

### I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed and count as strikes:  (1) Gaither v. Archar, CV 315-043, doc. nos. 18, 27 (S.D. Ga. Aug. 25, 2015) (dismissing for failure to follow court order and abuse of judicial process for failure to disclose litigation history, specifically noting "bad faith litigiousness" and "manipulative tactics" in filings)[1]; (2) Gaither v. Pullin, 5:14-CV-00260-MTT-CHW, doc. no. 6 (M.D. Ga. Aug. 21, 2014) (dismissing for failure to state a claim); and (3) Gaither v. Chapman, 3:13-CV-00125-CAR-CHW, doc. no. 5 (M.D. Ga. Dec. 9, 2013) (dismissing for failure to state a claim); see also Gaither v. Deal, CV 120-094, doc. no. 18 (S.D. Ga. Sept. 24, 2020) (denying IFP status based on accumulation of three strikes and dismissing case); Gaither v. State of Ga., CV 619-049, doc. nos. 34, 35 (S.D. Ga. Feb. 14, 2020) (recounting history of

---

[1]Dismissal for abuse of judicial process qualifies as a strike under § 1915(g).  Rivera, 144 F.3d at 731.

§ 1915(g) case dismissals based on three strikes); Gaither v. Hooks, CV 616-009, doc. nos. 17, 26 (S.D. Ga. Sep. 26, 2016) (dismissing for three strikes under § 1915(g); dismissal also recommended for failure to state a claim); Gaither v. Arthur, CV 316-010, doc. nos. 12, 18 (S.D. Ga. Apr. 26, 2016) (dismissing for three strikes under § 1915(g)).  Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).  Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

**B.      Plaintiff Does Not Qualify for the Imminent Danger Exception**

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff submitted a handwritten letter to the Clerk of Court in the Northern District of Georgia, and United States Magistrate Judge Catherine M. Salinas transferred the case to the Southern District of Georgia.  (Doc. no. 3.)  The letter primarily alleges Plaintiff has been denied adequate supplies to pursue his legal claims while incarcerated and cases he has filed in the Southern District of Georgia have been dismissed.  (Doc. no. 1.)

As previously explained in a prior case alleging denial of adequate supplies to pursue legal claims, Gaither v. Deal, CV 120-094, doc. nos. 12, 18 (S.D. Ga. Sept. 24, 2020), courts have rejected claims of denial of access to the court as insufficient to establish imminent danger of serious physical injury.  See Skillern v. Edenfield, No. CV 610-044, 2010 WL 5638731, at *2 (S.D. Ga. Dec. 21, 2010) (finding plaintiff's claim defendants violated his right of access to the courts "plainly inadequate to bring [his] case within the imminent danger exception"),

3

*adopted by*, Skillern v. Edenfield, 2011 WL 241030 (S.D. Ga. Jan. 24, 2011); see also McDonald v. Adkinson, Case No.: 320cv3004/MCR/EMT, 2020 WL 1263573, at *2 (N.D. Fla. Feb. 13, 2020) (finding general allegations about conditions of confinement, including "lack of access to a law library and writing/mailing materials," does not establish imminent danger of serious physical injury), *adopted by*, McDonald v. Adkinson, 2020 WL 1248878, at *1 (N.D. Fla. Mar. 16, 2020). In sum, Plaintiff's allegations about lack of sufficient supplies to pursue his legal claims are insufficient to establish imminent danger of serious physical injury.

For the sake of completeness, the Court notes Plaintiff states he was injured when stabbed in the left and right shoulder, but he does not attempt to state a claim related to the stabbing or allege any facts that would support such a claim. (Doc. no. 1.) In addition, general or conclusory allegations are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (citing Brown, 387 F.3d at 1350). Therefore, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III.  CONCLUSION

Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 7), and this action

be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 4th day of June, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA